## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) Bankruptcy Case |
| MAXIMUM DEALS, INC., | ) No. 12-15539-BFK |
| | ) Chapter 7 |
| Debtor. | ) |

### MOTION FOR ENTRY OF AN ORDER APPROVING COMPROMISE AND SETTLEMENT BETWEEN TRANSFEREES AND TRUSTEE

COMES NOW H. Jason Gold, chapter 7 trustee, by undersigned counsel, and files this Motion for Entry of an Order Approving Compromise and Settlement ("Motion")[1] pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, requesting approval of the compromise settlement between the Trustee and Hamid Nawaz, Mahmood Nawaz, Mohammad Nawaz and Farhan Nawaz (collectively the "Transferees"), stating to the Court as follows:

### JURISDICTION AND BACKGROUND

1. On September 12, 2012 ("Petition Date"), Maximum Deals, Inc. (the "Debtor") filed a voluntary petition under chapter 7 of title 11 of the United States Bankruptcy Code.

2. On September 13, 2012, H. Jason Gold ("Trustee") was appointed interim chapter 7 trustee and is the duly qualified and acting trustee.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157.

---

[1] In accordance with Local Rule 9013-1(G)(1), the Trustee is combining his memorandum of points and authorities with this Motion.

H. Jason Gold, Va. Bar No. 19117
Rebecca L. Saitta, Va. Bar No. 65408
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
703.905.2800
Counsel to the Chapter 7 Trustee

4. Pursuant to the Debtor's Statement of Financial Affairs (Docket No. 1), each of the Transferees was identified as an officer of the Debtor and is thus an insider of the Debtor within the meaning of § 101 of the Bankruptcy Code. *See* 11 U.S.C. 101(31)(b)

5. In the two-year period prior to the Petition Date, each of the Transferees received various payments from the Debtor (collectively, the "Transfers") that the Trustee alleged constituted avoidable, preferential and/or fraudulent transfers pursuant to 11 U.S.C. §§ 547(b), 548 and 550(a) of the Bankruptcy Code, in whole or in part.

6. Pursuant to the documents reviewed by the Trustee, the Transfers included the following: (a) $155,047.35 to Hamid Nawaz; (b) $177,418.65 to Farhan Nawaz; (c) $79,475.26 to Mahmood Nawaz; and $209,518.17 to Mohammad Nawaz.

7. The Trustee sent a demand to each of the Transferees for recovery of the Transfers (collectively, the "Demand").

## RELIEF REQUESTED

8. As a result of arms-length negotiations, and prior to the commencement of litigation, the Trustee and the Transferees have reached an agreement, subject to Court approval, to settle the Trustee's Demand and the bankruptcy estate's interest in the Transfers, by the payment from the Insiders, jointly and severally, in the total amount of Forty-Eight Thousand Dollars ($48,000.00) ("Settlement Amount") to the Trustee on behalf of the bankrutpcy estate of the Debtor ("Settlement"). A copy of the Settlement Agreement memorializing this agreement is attached hereto as Exhibit "A."

9. The Transferees made an initial payment of Thirteen Thousand Dollars ($13,000.00) ("Initial Payment"). Pursuant to the parties' agreement, the Transferees agreed to pay the remaining Thirty-Five Thousand Dollars ($35,000.00) ("Remaining Balance") in monthly

installments of Two-Thousand Five Hundred Dollars ($2,500.00) for fourteen (14) months to be paid on the fifteenth day of each month.[2] The first three (3) monthly payments have already been received by the Trustee and the next payment is due March 15, 2013. Contemporaneously with execution of the Settlement Agreement, the Transferees have executed a promissory note in favor of the Trustee in the amount of the Remaining Balance which is payable on demand in the event of a failure to comply with the payment terms. A copy of the Promissory Note is attached hereto as Exhibit "B."[3]

    10.    Pursuant to this Motion, the Trustee requests approval of the Settlement according to the terms set forth herein, pursuant to Federal Rule of Bankruptcy Procedure 9019.

## ARGUMENT AND APPLICABLE AUTHORITY

    11.    This Court may authorize the Trustee to settle disputes as provided in the Settlement. Bankruptcy Rule 9019 provides, in pertinent part, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

    12.    As a general rule, settlement agreements between parties are favored by the law. *See In re Frye*, 216 B.R. 166, 172 (Bankr. E.D. Va. 1997) (*citing Richardson v. Richardson*, 10 Va. App. 391, 399, 392 S.E.2d 688, 692 (1990)); *Marandas v. Bishop (In re Sassalos)*, 160 B.R. 646, 653 (D. Ore. 1993) (finding that compromises are generally favored in bankruptcy).

    13.    In order to approve a settlement, the court must look at various factors to determine whether the settlement is in the best interest of the estate and whether it is fair and equitable, including the complexity and expense of litigation, the potential difficulties in collection, the

---

[2] If the fifteenth day of the month is a Saturday, Sunday or legal holiday, said payment shall be due on or before the next day that is not a Saturday, Sunday or legal holiday.

[3] The Trustee has requested that the signature pages be supplemented to include notarized signatures.

probability of the trustee's success in the litigation, and the interest of the creditors. *In re Frye*, 216 B.R. at 174; *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995).

14. A court should approve a settlement unless the settlement falls "below the lowest point in the range of reasonableness." *Austin*, 186 B.R. at 400 (citations omitted). "In fact, the settlement may be approved even if the court finds it likely that the trustee would ultimately succeed in the litigation." *Id.* In determining whether a proposed settlement is in the best interest of the estate, the bankruptcy court is not to substitute its judgment for that of the movant, nor is it the court's responsibility to decide the numerous questions of law and fact, but "rather to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness . . . .'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), *cert. denied*, 464 U.S. 822, 78 L. Ed. 2d 97, 104 S. Ct. 89 (1983); *In re Tennol Energy Co.,* 127 B.R. 820, 828 (Bankr. E.D. Tenn. 1991).

15. The terms of the Settlement provide for a recovery to the bankruptcy estate of Forty-Eight Thousand Dollars ($48,000) and will resolve the Trustee's demand in its entirety thereby avoiding the cost, delay, and uncertainties associated with litigation. Moreover, there remains only one unsecured claim filed against the estate in the amount of $24,100.46 (Claim No. 5-1 as reflected by the Stipulation between the Claimants and the Trustee (Doc. No. 40)), held by Brandie Roberts-Johnson and Tony Roberts Johnson. The Trustee expects (absent the filing of any late claims) that the Settlement Amount will pay this claim in full.

16. The Settlement is fair and reasonable, falling well within the range of reasonableness given the uncertainty and inherent risk of litigation and the expense associated with litigating the disputes. This Settlement is in the best interest of the estate and its creditors and should be approved.

4

17. Notice of this Motion has been sent to all creditors and parties in interest.

## CONCLUSION

WHEREFORE, Trustee respectfully requests that the Court enter an Order: (i) granting the Motion; (ii) approving the Settlement; and (iii) granting such other and further relief as is just and proper.

Respectfully Submitted,

H. JASON GOLD, TRUSTEE

By Counsel

WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia  22102
Telephone: (703) 905-2800
Facsimile: (703) 905-2820

By:  /s/ Rebecca L. Saitta
    H. Jason Gold, Va. Bar No. 19117
    Rebecca L. Saitta, Va. Bar No. 65408

Counsel to the Trustee

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of February, 2014 the foregoing Motion for Entry of An Order Approving Compromise and Settlement Between Transferees and Trustee and Memorandum in Support Thereof, was sent by first class mail, postage prepaid, to:

>Nathan A. Fisher
>3977 Chain Bridge Road, #2
>Fairfax, Virginia  22030
>
>Office of the US Trustee
>115 South Union Street, Suite 210
>Alexandria, Virginia  22314
>
>Hamid N. Khan
>9842 Cheshire Ridge Circle
>Manassas, Virginia  20110
>
>Mahmood Nawaz
>7910 Pine Street
>Manassas, Virginia  20111
>
>Mohammad Nawaz
>10925 Inspiration Point Place
>Manassas, Virginia  20110
>
>Farhan Nawaz
>9646 Janet Rose Court
>Manassas, Virginia  20111
>
>David R. Mahdavi
>FRACASSI, MAHDAVI, SISSMAN & RAND
>8133 Leesburg Pike, Suite 400
>Tysons Corner, Virginia 22182

And to all other creditors and parties in interest on the attached service list.[4]

>/s/ Rebecca L. Saitta
>Rebecca L. Saitta

13677382.1

---

[4] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not to be served on each of the parties, but is attached to the original Certificate of Service filed with the Court.